UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTIN E., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-6093-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by rejecting his testimony, two medical opinions, and his mother's lay witness statements, and by relying on vocational expert testimony that conflicted with Social Security Rulings (SSR) and published jobs data. (Dkt. #12.) As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1969, has a high school education, and has worked as a ship mate in Alaska. AR at 31. Plaintiff was last gainfully employed in 2014. *Id.* at 62-63. Plaintiff alleges

ORDER - 1

disability as of July 1, 2015. *Id.* at 22. After conducting a hearing in May 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 43-87, 22-33. The ALJ found, due to severe impairments of diabetes mellitus and hip pain, Plaintiff had the Residual Functional Capacity (RFC) to perform light work with a sit/stand option every 30 minutes for 5-10 minutes. *Id.* at 24, 27. He could perform simple, routine and repetitive tasks, but not at a production rate pace. *Id.* at 27.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

**A. The ALJ Did Not Err by Discounting Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ discounted Plaintiff's testimony of disabling limitations, such as inability to sit for too long or to walk without a cane or walker, because his doctors recommended only conservative care, his testimony was contradicted by treatment notes, and he had a history of noncompliance with treatment. AR at 28-29.

"[A]n unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can constitute a sufficient reason for discrediting a claimant's symptom testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff argues his noncompliance is irrelevant because no evidence establishes compliance with treatment recommendations would improve his impairments. (Dkt. #15 at 1-2.) Yet Plaintiff himself stated he was "not supposed to be on [his] feet," which "is why [he was] not healing." AR at 262-63. His own doctors describe his noncompliance as worsening his conditions. *See*, *e.g.*, *id.* at 40 ("wound reoccurred [because] patient was excessive[ly] walking"). Plaintiff also argues the ALJ failed to consider his reasons for noncompliance, such as difficulty paying for or traveling to obtain medications. (Dkt. #12 at 7 (citing AR 613)); *see Trevizo*, 871 F.3d at 679-80 ("unexplained or inadequately explained failure" to follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a claimant's proffered

ORDER - 3

reasons). These reasons do not, however, explain Plaintiff's noncompliance with avoiding excessive walking. Plaintiff's argument fails. Failure to follow treatment recommendations was a clear and convincing reason to discount Plaintiff's testimony.

Plaintiff argues conservative treatment was an erroneous reason to discount his testimony of hip pain because his providers recommended surgery but would not perform it until his blood sugar levels were under control. (Dkt. #12 at 9 (citing AR at 1609).) The ALJ found "no specific treatment was recommended for his hip pain outside of conservative measures." AR at 29. At least one treatment note mentions the surgery recommendation, and Plaintiff contends treatment notes missing from the record contain the surgery recommendation. AR at 1609; (Dkt. 12 at 9 n.5.) On remand, the ALJ will have the opportunity to consider seeking such records.

Even if conservative treatment and conflict with medical evidence were erroneous reasons to discount Plaintiff's testimony, the error was harmless because the ALJ provided the clear and convincing reason of failure to follow treatment recommendations. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (if remaining reasons are valid, providing improper reasons is harmless error).

Plaintiff argues it was inconsistent for the ALJ to find hip pain a severe impairment but find it "resolved." (Dkt. 12 at 8 (quoting AR at 29).) The ALJ found Plaintiff's May 2017 hip pain complaints resolved, but Plaintiff later complained again of hip pain in February 2018. AR at 29. There is no inconsistency. The ALJ accounted for the hip impairment by limiting sitting, standing, and walking and requiring a sit/stand option. *Id.* at 17.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

ORDER - 4

### B.  The ALJ Did Not Err in Discounting Lay Witness Statements

Plaintiff's mother filled out a Function Report in December 2016. AR at 252-59.[1] An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ discounted Plaintiff's mother's statements because he gave more weight to Dr. Irwin's opinions regarding physical limitations and state agency psychologists' opinions regarding mental limitations. AR at 31. Lay witness testimony may not be rejected on the grounds that it lacks support from medical evidence, but it may be rejected if contradicted by medical or other evidence. *Diedrich*, 874 F.3d at 640; *Bayliss*, 427 F.3d at 1218. The ALJ identified no contradiction. Any error is harmless, however, because the ALJ's reasons for discounting Plaintiff's testimony apply to his mother's similar statements. *See Molina*, 674 F.3d at 1117 ("Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, … the ALJ's failure to discuss the lay witness testimony [is not] prejudicial per se."); *see also Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (if an ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are germane to similar testimony by a lay witness).

The Court concludes the ALJ did not err by discounting Plaintiff's mother's statements.

### C.  The ALJ Erred in Evaluating the Medical Source Opinions

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving

---

[1] Plaintiff notes his mother also helped him fill out a disability report in July 2017, however, there is no indication this report reflects her own observations. AR at 303-10.

"clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ found Plaintiff's two treating providers' opinions contradicted by the opinions of State agency nonexamining doctor James Irwin, M.D. AR at 30.

### *1.   The ALJ Erred in Discounting the Opinion of Ha Nguyen, DPM*

In a May 2018 treatment note, Plaintiff's treating podiatrist, Dr. Nguyen, wrote Plaintiff was "not capable" of full-time work as he would not be able to stand for long periods. AR at 1614. The ALJ discounted Dr. Nguyen's opinion because it failed to specify workplace limitations and was inconsistent with the medical evidence and Plaintiff's activities. *Id.* at 30.

None of these reasons were specific, legitimate, and supported by substantial evidence. Dr. Nguyen's opined restriction from standing for long periods is a work-related limitation clearly incompatible with the RFC permitting six hours of standing per day. And the medical evidence did not contradict Dr. Nguyen's opinion. The normal physical examination findings the ALJ cited, such as muscle strength and range of motion, do not address the reason Dr. Nguyen opined standing limitations: open wounds on Plaintiff's feet. The ALJ also cited conservative treatment for diabetes but failed to identify what further treatment could be pursued. Finally, there is no indication activities the ALJ cited of preparing meals, going shopping, and driving required standing for long periods.

The Court concludes the ALJ erred by discounting Dr. Nguyen's opinions.

### *2.   The ALJ Erred in Discounting the Opinion of Catherine Rehberger, ARNP*

In October 2017, treating provider Ms. Rehberger wrote a letter stating Plaintiff had "NYHA class 3 (HCC)" heart failure, which "is defined by marked limitation of physical

ORDER - 6

activity. … [L]ess than ordinary activity will lead to symptoms (symptomatically 'moderate' heart failure)." AR at 1599. The ALJ discounted Ms. Rehberger's opinion because it was vague and failed to specify functional limitations and was inconsistent with Plaintiff's activities. *Id.* at 30. Neither of these reasons is sufficient. There is no indication that the activities the ALJ cited of preparing meals, going shopping, and driving conflicted with Ms. Rehberger's opinion.

The Commissioner cites *Meanel v. Apfel* for the proposition that vague opinions may be rejected, but the opinion in *Meanel* "provided no basis for concluding that Meanel was disabled" and the ALJ accepted the doctor's findings. 172 F.3d 1111, 1113-14 (9th Cir. 1999). Here, the ALJ clearly did not accept Ms. Rehberger's opinion of marked limitation in ordinary physical activity, which is incompatible with the RFC allowing six hours of walking per day. *Cf. Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming where ALJ's "assessment is consistent with restrictions identified in the medical testimony"). This is not a situation where the RFC is arguably consistent with Ms. Rehberg's opinion. Vagueness was not a sufficient reason to discount the opinion.

The Court concludes the ALJ erred by discounting Ms. Rehberger's opinions.

**D.     The Court Need Not Address the ALJ's Reliance on Vocational Expert Testimony**

Because the ALJ must reassess the medical evidence on remand, which may result in a change in the RFC, the Court need not address Plaintiff's challenges to the ALJ's reliance on vocational expert testimony to determine Plaintiff could perform jobs available in significant numbers in the national economy.

**V.     CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** the and the matter is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C.

§ 405(g). On remand the ALJ should reevaluate Dr. Nguyen's and Ms. Rehberger's opinions, reassess the RFC as appropriate, and proceed to step five as necessary.

Dated this 23rd day of July, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge